167 N.J. Super. 588 (1979)
401 A.2d 560
T. EDWARD HOLLANDER, CHANCELLOR OF THE DEPARTMENT OF HIGHER EDUCATION OF NEW JERSEY AND THE DEPARTMENT OF HIGHER EDUCATION, A PRINCIPAL DEPARTMENT OF GOVERNMENT OF THE STATE OF NEW JERSEY, PLAINTIFFS,
v.
JOHN S. WATSON, INDIVIDUALLY AND AS A MEMBER OF THE BOARD OF CHOSEN FREEHOLDERS OF MERCER COUNTY, ARTHUR R. SYPEK, COUNTY EXECUTIVE OF MERCER COUNTY, AND THE BOARD OF CHOSEN FREEHOLDERS OF MERCER COUNTY, DEFENDANTS.
BOARD OF TRUSTEES OF MERCER COUNTY COMMUNITY COLLEGE, A BODY CORPORATE OF THE STATE OF NEW JERSEY, ESTABLISHED PURSUANT TO CHAPTER 64A OF TITLE 18A OF THE REVISED STATUTES OF NEW JERSEY, AS AMENDED, PLAINTIFF,
v.
ARTHUR R. SYPEK, SR., COUNTY EXECUTIVE OF THE COUNTY OF MERCER AND ALBERT E. DRIVER, EUGENE V. HOWARD, JAMES E. HEDDEN, BARBARA B. SIGMUND, PAUL J. SOLLAMI, FRED GMITTER, AND JOHN S. WATSON, MEMBERS OF THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MERCER, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 11, 1979.
*590 Mr. Robert A. Fagella, Deputy Attorney General, for plaintiffs T. Edward Hollander, Chancellor of the Department of Higher Education and the Department of Higher Education (John J. Degnan, Attorney General of New Jersey, attorney).
Mr. Garrett M. Heher for plaintiff Board of Trustees of Mercer County Community College (Messrs. Smith, Stratton, Wise and Heher, attorneys).
Mr. William L. Boyan, Assistant Mercer County Counsel, for defendants (Mr. Harvey L. Stern, Mercer County Counsel, attorney).
Mr. Michael J. Herbert for amici curiae New Jersey Education Association and Mercer County Community College Faculty Association (Messrs. Sterns, Herbert and Weinroth, attorneys).
MORTON I. GREENBERG, J.S.C.
Plaintiffs Board of Trustees of Mercer County Community College, T. Edward Hollander, Chancellor of the Department of Higher Education, and the Department as an entity, bring these two separate proceedings against the Board of Chosen Freeholders of Mercer County and Arthur R. Sypek, County Executive of Mercer County. The complaints allege that on March 13, 1979 Sypek, with the consent of the freeholders, appointed freeholder John S. Watson to the board of trustees of the college. It has been stipulated that Watson intends to accept the appointment as a trustee without resigning as a freeholder. Plaintiffs complain that the appointment is unlawful for two reasons: a freeholder may not be appointed by the county executive to a position to be filled by the board of freeholders, see N.J.S.A. 40A:9-23, and the positions of freeholder and trustee of the community college are not compatible. By these actions filed March 14, 1979 plaintiffs thus seek a judgment removing *591 Watson from the college board and enjoining him from serving thereon. The court has ordered the matters consolidated and has issued an interlocutory injunction barring Watson from serving pending final hearing. The matter was set down for such hearing immediately. See R. 1:2-5. It has been agreed that there is no dispute of facts and thus no evidentiary hearing has been held. At oral argument counsel for Watson indicated that if required to elect between being a trustee or a freeholder, he would continue as a freeholder. See McDonough v. Roach, 35 N.J. 153 (1961).
This litigation arises in the aftermath of Mercer Cty. Community College Bd. of Trustees v. Sypek, 160 N.J. Super. 452 (App.Div. 1978), certif. den. 78 N.J. 327 (1978), reversing 151 N.J. Super. 1 (Law Div. 1977). The Appellate Division there held that notwithstanding the adoption of the county executive form of government in Mercer County and the subsequent approval of an administrative code in 1976, N.J.S.A. 40:41A-31 et seq., the largely independent relationship between the county college and the county government existing under the previous freeholder form of government was to continue. Pursuant to the mandate of the Appellate Division (160 N.J. Super. at 462) an injunction was entered on remand in the prior case on January 26, 1979, preserving the independent status of the college. Nothing in that litigation, however, affected the power of the board of school estimate to determine the amount of money to be appropriated for the college under N.J.S.A. 18A:64A-16. But the membership was determined by the remand order of January 26, 1979 to be changed to the extent that the county executive replaced the freeholder chairman under N.J.S.A. 18A:64A-15. The remaining members continue to be two freeholders and two trustees.
Defendants raise a preliminary procedural objection asserting that plaintiffs Hollander and the Department of Higher Education lack standing to bring the action. The Legislature has provided that the Department of Higher *592 Education shall consist of "a board of higher education, a chancellor, and such divisions, bureaus, branches, committees, officers and employees as are specifically referred to in this law and as may be constituted or employed by virtue of the authority conferred by this and by any other law." N.J.S.A. 18A:3-1. The Board of Higher Education exercises visitorial general powers of supervision and control over institutions of higher education and may enforce the observance of the law with respect to such institutions which include county colleges. N.J.S.A. 18A:3-14; N.J.S.A. 18A:62-1. Further, it has all general powers requisite to the performance of its duties. N.J.S.A. 18A:3-16. The chancellor administers the work of the Department. The liberal view of standing to sue in New Jersey requires that the totality of these powers be held to vest authority in the Department and chancellor to bring this action. Crescent Park Tenants Ass'n v. Realty Equities Corp., 58 N.J. 98 (1971).
Defendants further point out that prior to the institution of this case the board of trustees of the college had not authorized the action by formal resolution. But they later adopted a resolution ratifying the action of the president in instituting this action. In this case involving important public rights the court holds that the procedural infirmity has been cured. Cf. Manning Engineering, Inc. v. Hudson Cty. Park Comm'n, 74 N.J. 113, 120-125 (1977). Since the procedural objections to the action cannot be sustained, the court reaches the merits of the controversy.
Offices are incompatible when there is a conflict or inconsistency in their functions. Therefore offices are not compatible when one is subordinate to or subject to the supervision or control of the other or the duties of the offices clash requiring the officer to prefer one obligation over the other. Reilly v. Ozzard, 33 N.J. 529 (1960). If such is the governmental scheme, incompatibility must be found even though in practice a conflict of duty might never arise. Ahto v. Weaver, 39 N.J. 418, 424 (1963).
*593 Against this standard the offices of trustee and freeholder are incompatible. N.J.S.A. 18A:64A-19(4) requires that under certain circumstances the college obtain the consent of the freeholders to issue bonds. N.J.S.A. 18A:64A-24 permits the college, with the approval of the freeholders, to allow an additional county to join in the operation of the college. Under the county executive form of government the administrative or executive functions previously assigned by general law to the freeholders are now exercised by the executive, but the legislative functions remain with the freeholders. N.J.S.A. 40:41A-32, as amended by L. 1978, c. 141. While difficult questions undoubtedly will arise as to the assignment of particular powers between the executive and freeholders, this court finds that the two enumerated matters are legislative and remain with the freeholders. Certainly the general budgetary power of the freeholders by analogy requires this result as to the bonding procedure. See N.J.S.A. 40:41A-38, as amended by L. 1978, c. 141; N.J.S.A. 40A:4-1, et seq. A determination to permit an additional county to join in the operation of the college is of such a policy nature as to be legislative. See, generally, Atlantic City Sewerage Co. v. Bd. of Public Utility Comm'rs, 128 N.J.L. 359 (Sup.Ct. 1942), aff'd 129 N.J.L. 401 (E. & A. 1943); Jersey City v. Martin, 126 N.J.L. 353 (E. & A. 1941). These explicit subordinations of the college to the freeholders survive the Appellate Division decision in the previous litigation and render the positions of freeholder and college trustee incompatible.
This result is not opposed to a legislative intent reflected by the establishment of the board of school estimate. To the contrary, the existence of that board supports separation of the freeholders from the trustees. A different result could permit a majority of that board to be composed of trustees, a direct violation of the clear legislative plan with respect to the budgetary process.
*594 The court accepts the election of Watson to continue as a freeholder and thus need not determine whether his appointment is barred by N.J.S.A. 40A:9-23. Counsel for plaintiffs should submit a final judgment declaring the appointment of Watson to the college board to be void.