173 N.J. Super. 300 (1980)
414 A.2d 275
T. EDWARD HOLLANDER ET AL., PLAINTIFFS-RESPONDENTS,
v.
JOHN S. WATSON ET AL., DEFENDANTS-APPELLANTS.
BOARD OF TRUSTEES OF MERCER COUNTY COMMUNITY COLLEGE ET AL., PLAINTIFFS-RESPONDENTS,
v.
ARTHUR R. SYPEK, SR., ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 31, 1980.
Decided April 21, 1980.
*301 Before Judges ALLCORN and MORGAN.
Paul D. McLemore, Assistant County Counsel, argued the cause for the appellants (Harvey L. Stern, Mercer County Counsel, attorney; William L. Boyan, Assistant County Counsel, of counsel).
Robert A. Fagella, Deputy Attorney General, argued the cause for the respondents T. Edward Hollander and New Jersey Department of Higher Education (John J. Degnan, Attorney General, attorney; Erminie L. Conley, Assistant Attorney General, of counsel; Robert A. Fagella on the brief).
Garrett M. Heher argued the cause for respondent Mercer County Community College (Smith, Stratton, Wise & Heher, attorneys; Garrett M. Heher and Charles F. Martinson on the brief).
Sterns, Herbert & Weinroth filed a brief on behalf of New Jersey Education Association and Mercer County Community College Faculty Association, amici curiae.
PER CURIAM.
The judgment of the Chancery Division is affirmed essentially for the reasons expressed by Judge Greenberg reported at 167 N.J. Super. 588 (1979), and on the additional areas of incompatibility *302 of the two offices existing under various statutes, including particularly N.J.S.A. 40:41A-37(b), N.J.S.A. 40A:9-23 and N.J.S.A. 18A:64A-9, which respectively require approval by the board of freeholders of the appointment of county community college trustees and delegates to the board of freeholders the power to remove them. Atlantic Commun. College v. Civil Service Comm'n, 59 N.J. 102 (1971); Mercer Commun. College v. Sypek, 160 N.J. Super. 452 (App.Div. 1978), certif. den. 78 N.J. 327 (1978). See also, for example, N.J.S.A. 18A:64A-12(j), 19, and 24.
Affirmed.